# Glaser Weil

10250 Constellation Blvd.
19th Floor
Los Angeles, CA 90067
310.553.3000 TEL
310.556.2920 FAX

Sean Riley

**Direct Dial**
310.282.6265
**Direct Fax**
310.785.3565
**Email**
sriley@glaserweil.com

March 2, 2017

<u>VIA ECF</u>

Hon. A. Kathleen Tomlinson
United States Magistrate Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re:   <u>Elkind et al. v. Revlon Consumer Products Corp.</u>; 2:14-cv-02484 (JS) (AKT)

Dear Judge Tomlinson:

This letter brief is being submitted on behalf of defendant Revlon Consumer Products Corporation regarding Your Honor's report and recommendation regarding the settlement of this class action at docket no. 114. Revlon seeks clarification and, in the alternative, objects in part to the report and recommendation. This letter brief is being submitted following a meet-and-confer with Tom Canova, counsel for plaintiffs, who has stated that plaintiffs concur with the relief requested by Revlon.

On page 45 of the report and recommendation, the class definition is set forth as "[a]ll individuals, nationwide, who purchased Revlon Age Defying with DNA Advantage Cream Makeup and Concealer in any package, size, or iteration, during the Class Period (April 25, 2011 to the date of the Motion for Preliminary Approval of the Settlement is filed)."

We have noticed that this class definition differs from that proposed in the motion for preliminary approval, which is "[a]ll Persons in the United States who, during the Class Period (April 25, 2011 to the date the Motion for Preliminary Approval of the Settlement is filed) purchased one or more Revlon Age Defying with DNA Advantage Cream Makeup, Concealer, and Powder, in any package, size, or iteration. . ." Dkt. no. 109-1 at 13 n.5. This is the proposed class definition upon which the settlement agreement itself was predicated. *See* dkt. no. 109-3 at § II (Settlement Agreement).

Hon. A. Kathleen Tomlinson
March 2, 2017
Page 2

It is unclear to us whether the exclusion of the powder product from the definition was an intentional decision by Your Honor, or an inadvertent oversight in the course of restating the class definition. Revlon respectfully requests clarification on whether it was the Court's intent to exclude purchasers of the powder product from the class definition in the report and recommendation.

If the exclusion was inadvertent, Revlon respectfully requests that the Court issue a revised report and recommendation that corrects the class definition to explicitly include purchasers of the powder product.

To the extent that the exclusion of purchasers of the powder product from the class definition was intentional, Revlon respectfully objects to that exclusion. A critical component of the settlement agreement as mediated, and ultimately agreed to by the parties is the inclusion of *all* of Revlon's "Age Defying with DNA Advantage" products—the foundation, the concealer, and the powder. Each of these products, including the powder, had the same "DNA Advantage" labelling and advertising components which were the subject of plaintiffs' claims. Failure to provide finality to the claims regarding Revlon's advertising and marketing of the Age Defying with DNA Advantage products—marketing that was uniform throughout the United States and did not differentiate for any specific market, region, or location, *see* dkt. no. 109-11 at ¶ 6 (Declaration of Sean Riley)—negates the fundamental value of the settlement agreement to Revlon, as any settlement of this action would not provide finality for such claims, and would result in duplicative and costly litigation of these same issue in connection with the powder product.

Indeed, the exclusion of the powder product from the class definition triggers the termination of the settlement agreement. *See* dkt. no. 109-3 at § III.F.5. At best, the Parties will be forced to discard the settlement that was the product of months of work and negotiations and arrive at a new settlement agreement. However, because the fundamental value to Revlon of any settlement is finality, it is unlikely that an agreement that excludes the powder product will be reached. As a result, the parties would be forced to resume litigation of this case, and any benefit to the class members would be delayed by years, if it ever were to arrive.

In conclusion, the inclusion of purchasers of the powder product in the settlement class is a substantial, material term of the settlement agreement, without which Revlon cannot proceed in stipulating to a settlement class. Revlon respectfully urges Your Honor to amend the class definition in the report and recommendation to

include individuals who purchased the powder product within the settlement class.

    We thank you in advance for Your Honor's consideration in this matter.

Respectfully,

*[signature]*

SEAN RILEY
of GLASER WEIL FINK HOWARD AVCHEN & SHAPIRO LLP


cc: All Counsel (via ECF)