UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
ANNE ELKIND and SHARON ROSEN, on behalf
of themselves and all others similarly
situated,

                    Plaintiffs,       <u>MEMORANDUM & ORDER</u>
                                  14-CV-2484(JS)(AKT)

      -against-

REVLON CONSUMER PRODUCTS CORPORATION,

                    Defendant.
----------------------------------------X
APPEARANCES
For Plaintiffs:      John Joseph Fitzgerald, IV, Esq.
                  Thomas A. Canova, esq.
                  The Law Office of Jack Fitzgerald, PC
                  3636 Fourth Avenue, Suite 202
                  San Diego, CA 92103

                  Ronald A. Marron, Esq.
                  Alexis M. Wood, Esq.
                  Kas L. Gallucci, Esq.
                  Trevor Flynn, Esq.
                  William Richards, Esq.
                  Law Offices of Ronald A. Marron
                  651 Arroyo Drive
                  San Diego, CA 92103

For Defendant:      Patricia Glaser, Esq.
                  Sean Riley, Esq.
                  Rory S. Miller, Esq.
                  Glaser Weil Fink Howard Avchen & Shapiro LLP
                  10250 Constellation Blvd., 19th Floor
                  Los Angeles, CA 90067

                  Jill Caroline Barnhart, Esq.
                  Nelson Boxer, Esq.
                  Petrillo Klein & Boxer LLP
                  655 3rd Avenue, 22nd Floor
                  New York, NY 10017

SEYBERT, District Judge:

Presently pending before the Court is Magistrate Judge A. Kathleen Tomlinson's Report and Recommendation dated February 17, 2017 ("R&R," Docket Entry 114) and Amended Report and Recommendation dated March 9, 2017 ("Amended R&R," Docket Entry 119) with respect to the parties' joint motion for preliminary approval of their class action settlement agreement, (Mot., Docket Entry 109). For the following reasons, the R&R is TERMINATED AS MOOT and the Court ADOPTS Judge Tomlinson's Amended R&R in its entirety.

<u>BACKGROUND</u>

On April 17, 2014, plaintiffs Anne Elkind and Sharon Rosen ("Plaintiffs") commenced this putative class action on behalf of themselves and others similarly situated against defendant Revlon Consumer Products Corporation ("Defendant" or "Revlon"), asserting claims with respect to Defendant's sale of cosmetics under the brand name "Revlon Age Defying with DNA Advantage." (<u>See</u> <u>generally</u> Compl.) On May 14, 2015, this Court granted in part and denied in part Defendant's motion to dismiss the First Amended Complaint. (May 2015 Order, Docket Entry 79.) Plaintiffs' remaining claims are for false advertising in violation of New York General Business Law § 350, intentional misrepresentation, false advertising in violation of California Business and Professional Code § 17500, <u>et</u>. <u>seq</u>., violation of the

California Civil Code § 1750, et. seq., breach of express warranty under New York law, and breach of express warranty of fitness in violation of the California Code.  (May 2015 Order at 5-6, 35.)

On June 30, 2016, the parties filed a joint motion seeking preliminary approval of their class action settlement. (See, Mot.)  The parties request that the Court certify the proposed class for settlement purposes pursuant to Federal Rules of Civil Procedure 23(b)(2) and/or (b)(3), grant preliminary approval of their proposed settlement, and direct notice to be sent to the class.  (Parties' Br., Docket Entry 109-1, at 7-27.)

On July 6, 2016, the Court referred the parties' motion to Judge Tomlinson for a report and recommendation.  (Referral Order, Docket Entry 111.)  On February 17, 2017, Judge Tomlinson issued her R&R.  (R&R.)  On March 2, 2017, the parties requested clarification as to the class definition set forth in the R&R and, alternatively, objected to the R&R.  (Ltr., Docket Entry 116.) The parties noted that the class definition set forth in the R&R did not include purchasers of the Revlon Age Defying with DNA Powder (the "Powder") and requested that Judge Tomlinson amend the class definition to include purchasers of the Powder.  (Ltr. at 1-3.)

On March 7, 2017, Judge Tomlinson issued an Order addressing the parties' letter.  (March 2017 Order, Docket Entry 117.)  Judge Tomlinson indicated that purchasers of the Powder

were excluded from the class definition based on the District Court's prior dismissal of Plaintiffs' claims relating to the labeling and marketing of the Powder. (March 2017 Order at 2.) However, Judge Tomlinson stated that the court was inclined to amend the R&R with respect to this issue to the extent the parties submitted a communication signed by counsel indicating that Defendant intended to include purchasers of the Powder in the settlement. (March 2017 Order at 3.) On March 7, 2017, the parties submitted a joint letter signed by counsel confirming that they intended to include the purchasers of the Powder in their settlement. (Sec. Ltr., Docket Entry 118.)

On March 9, 2017, Judge Tomlinson issued her Amended R&R recommending that the parties' motion for preliminary approval of their settlement be granted. (Am. R&R at 1-2.) Judge Tomlinson recommended that the following class be certified pursuant to Federal Rules of Civil Procedure 23(b)(2) and (b)(3):

> Elkind, Rosen and all other Persons in the United States who, during the Class Period (the time period beginning on April 25, 2011 and ending on the date a motion for preliminary approval of the Settlement Agreement is filed in the Action) purchased one or more of Revlon's Age Defying with DNA Advantage Cream Makeup, Concealer, and Powder, in any package, size, or iteration, for personal, family or household use, and not for resale.
>
> Specifically excluded from the class, however, are any Person(s) who timely opts-out of the Class.

4

(Am. R&R at 44-45.)[1]

Additionally, Judge Tomlinson concluded that the proposed settlement was negotiated after "serious, informed, and non-collusive negotiations." (Am. R&R at 36 (internal quotation marks and citation omitted).) However, Judge Tomlinson determined that the parties must establish the reasonableness of the settlement agreement's enhancement award for class representatives at the fairness hearing. (Am. R&R at 38-39.) Judge Tomlinson also recommended that the issue of attorneys' fees be addressed in a separate motion. (Am. R&R at 39-40.) Finally, Judge Tomlinson recommended that this Court appoint the Law Offices of Ronald A. Marron and the Law Office of Jack Fitzgerald as class counsel, (R&R at 41-42), and determined that the parties' proposed Notice Plan satisfied Rule 23(c)(2)(A) and (B), (R&R at 42-44).

---

[1] The Court notes that the class definition set forth in the Amended R&R differs slightly from the parties' proposed class definition. (Compare Am. R&R at 45 with Parties' Br., Docket Entry 109-1, at 7, n.5 ("The settlement class is defined as all Persons in the United States who, during the Class Period (April 25, 2011 to the date the Motion for Preliminary Approval of the Settlement is filed) purchased one or more Revlon Age Defying with DNA Advantage Cream Makeup, Concealer, and Powder, in any package, size, or iteration for personal, family or household use, and not for resale. Specifically excluded from the class, however, are any Person(s) who timely opts-out of the Class.").)

5

DISCUSSION

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  If no timely objections have been made, the "court need only satisfy itself that there is no clear error on the face of the record."  Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (internal quotation marks and citation omitted).

Objections were due within fourteen (14) days of service of the R&R.  The time for filing objections has expired, and no party has objected.  Accordingly, all objections are hereby deemed to have been waived.

Upon careful review and consideration, the Court finds Judge Tomlinson's Amended R&R to be comprehensive, well-reasoned, and free of clear error, and it ADOPTS the Amended R&R in its entirety.

CONCLUSION

For the foregoing reasons, the Court ADOPTS Judge Tomlinson's Amended R&R (Docket Entry 119) in its entirety and GRANTS the parties' joint motion for preliminary approval of their class action settlement agreement (Docket Entry 109) to the extent that the certified class encompasses the class definition set forth in the Amended R&R.  (See Am. R&R at 44-45.)  Judge Tomlinson's R&R (Docket Entry 114) is TERMINATED AS MOOT.

6

The Court REFERS the final fairness hearing in this matter to Judge Tomlinson for a report and recommendation on whether the Court should grant final approval of the parties' class action settlement agreement. The parties are directed to contact Judge Tomlinson within fourteen (14) days of the date of this Memorandum and Order to schedule the final fairness hearing.

Additionally, the parties are GRANTED leave to file a motion for attorneys' fees within sixty (60) days of the date of this Memorandum and Order.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   March __29__, 2017
         Central Islip, New York