THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
ANNE ELKIND and SHARON ROSEN, on
behalf of themselves and all others similarly
situated,

                      CV 14-cv-02484 (JS) (AKT)

          Plaintiffs,

   - against -

REVLON CONSUMER PRODUCTS
CORPORATION,

          Defendant.
---------------------------------------------------------------x

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ SEP 05 2017 ★
LONG ISLAND OFFICE

## FINAL SETTLEMENT ORDER

This matter having come before the Court for a Final Approval Hearing on August 1, 2017, pursuant to the Preliminary Approval Order by the Hon. Joanna Seybert, dated March 29, 2017 (Dkt. No. 120), on the application of plaintiffs and Class Representatives Anne Elkind and Sharon Rosen and Defendant Revlon Consumer Products Corporation ("Revlon") for final approval of the Class Action Settlement Agreement executed on June 27, 2017 (Dkt. No. 109-3), the best practicable notice in the circumstances having been given to the Settlement Class as required by the Preliminary Approval Order, the Settlement Class members having been afforded an adequate opportunity to exclude themselves from the Settlement or to object thereto, and the Court having considered all papers filed, oral arguments presented, and proceedings had herein, and otherwise being fully informed in the premises as to the facts and the law,

**IT IS HEREBY ORDERED, AJUDGED, AND DECREED THAT:**

1. This Final Approval Order incorporates by reference the definitions set forth in the Class Action Settlement Agreement, and all capitalized terms herein shall have the same meanings as set forth in the Class Action Settlement Agreement.

2. This Court has jurisdiction over the subject matter of this case, and over defendant Revlon and all members of the Class.

3. For substantially the reasons set forth in this Court's Amended Report and Recommendation, dated March 9, 2017 (Dkt. No. 119), and the reasons set forth in Judge Seybert's Memorandum and Order (Dkt. No. 120), and for the reasons set forth on the record during the Final Approval Fairness Hearing conducted August 1, 2017 (see transcript at Dkt. No. 130), the Court confirms the Order certifying the Class pursuant to Federal Rules of Civil Procedure 23(b)(2) and (3), and finally certifies the Class defined as:

> Elkind, Rosen and all other Persons in the United States who, during the Class Period (the time period beginning on April 25, 2011 and ending on the date a motion for preliminary approval of the Settlement Agreement is filed in the Action) purchased one or more of Revlon's Age Defying with DNA Advantage Cream Makeup, Concealer, and Powder, in any package, size, or iteration, for personal, family or household use, and not for resale.
>
> Specifically excluded from the class, however, are any Person(s) who timely opts-out of the Class.

For purposes of the foregoing class definition, "Persons" means any individual, corporation or any other entity of any nature whatsoever. (Dkt. No. 109-3 at 5).

4. The Court reaffirms the Memorandum and Order dated March 29, 2017 (Docket No. 120) appointing Anne Elkind and Sharon Rosen as Class Representatives and the Law Offices of Ronald A. Marron and The Law Office of Jack Fitzgerald and their attorneys of record

as Class Counsel, including without limitation Thomas A. Canova, Ronald A. Marron, and Jack Fitzgerald.

5. Notice of the pendency of this Action as a class action, and of the proposed Class Action Settlement, were given to all Class Members by the best means practicable under the circumstances, and included web-based notice utilizing paid banner ads on targeted websites and additional web-based notice using "keyword" searches. Notice also included Social Media Notice ads targeting relevant interest areas. Finally, notice to the Class was effected through the creation of a Class Action Settlement website. The Notice Plan, which was approved by the Court, delivered 11,025,759 impressions to potential Class Members, and reached an estimated 70% of the Class. The Notice Plan also resulted in 55,664 claims submitted. The form and method of notifying the Class of the pendency of the Action and all terms of the proposed Class Action Settlement Agreement met the requirements of the Preliminary Approval Order dated March 29, 2017 (Dkt. No. 120; incorporating all findings of the Amended Report & Recommendation dated March 9, 2017, Dkt. No. 119), Rule 23 of the Federal Rules of Civil Procedure, due process, and any other applicable law.

6. The Class Action Settlement was reached after serious, informed, arms-length and non-collusive negotiations by highly capable and experienced counsel with full knowledge of the facts, the law and the risks inherent in litigating the Action and was the product of vigorously fought litigation. The Class Action Settlement is entitled to a presumption of procedural fairness, and was entered into as the result of a process that was in fact procedurally fair.

7. The Class Action Settlement confers substantial economic and non-economic benefits upon the Settlement Class members, provides substantial additional economic and non-

economic benefits to the public, is in the public interest, and will provide the parties with repose from litigation.

8. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finds that the Class Action Settlement is fair, reasonable, and adequate, and therefore approves the Class Action Settlement and directs that the Class Action Settlement be consummated in accordance with the terms set forth therein.

9. The Court hereby approves, as fair, reasonable, and adequate, the plan of allocation, i.e., the distribution of benefits to be provided to the Class members and the means of providing such benefits, as set forth in the Class Action Settlement.

10. The Court has considered Class Counsel's request for an award of $395,00 in attorney's fees and costs. The Court recognizes Class Counsel's skillful and zealous prosecution of the Action, and notes that the requested fee award will not diminish or erode the benefit to the Class, since the cap of $400,000 to satisfy Class Member claims is fair, reasonable, and adequate. Having reviewed Class Counsel's fee application and all applicable legal authorities, the Court hereby approves an award of attorneys' fees in the requested amount of $345,000 and an award of costs in the requested amount of $50,000, as well as the fee of the Dahl Administration, the Class Action Settlement Administrator, in the requested amount of $95,000. While the Court considered Class Counsels' lodestar only as a cross-check for the percentage of common fund method of determining attorneys' fees, the Court nevertheless also approves the amount of time spent by Class Counsel on the different tasks involved in litigating this case, as set forth in Plaintiffs' Motion for Attorneys' Fees, Costs, and Incentive Awards (Dkt No. 125).

11. In making the award of attorneys' fees and reimbursement of costs and expenses, the Court has considered and found that:

a. The Class Action Settlement provides direct, immediate and tangible economic benefits to the Settlement Class members, in the form of refunds, attorneys' fees, class notice and administration, and enhancement awards to the Class Representatives, with an economic value of $900,000, paid by Revlon into a Qualified Settlement Fund;

b. The Class Action Settlement provides specific injunctive relief which will protect the Class, and the public. By no later than December 31, 2017, Revlon shall discontinue, and shall not recommence, manufacturing, advertising, promoting, distributing, offering for sale, and selling the DNA Advantage Products. This provision does not prohibit Revlon from selling off any DNA Advantage Products remaining in inventory or in channel following such discontinuance (including by advertising, promoting, and distributing such inventory). Notwithstanding the compliance deadline of December 31, 2017, Revlon represents that, as of November 2013, it had discontinued manufacturing its DNA Advantage concealer and powder;

c. Class Counsel have conducted the litigation and achieved the Class Action Settlement with skill, perseverance, and diligent advocacy;

d. The action involves complex legal and factual issues and was actively prosecuted for more than three years before settlement negotiations began. But for the Class Action Settlement, the litigation would involve further lengthy proceedings, at considerable risk to the Class, and with uncertain resolution of the legal and factual issues;

e. Had Class Counsel not achieved the Settlement, there would remain a significant risk that the Class Representative and the Settlement Class may have recovered less or nothing from Revlon;

f. The requested award of attorneys' fees of $345,000 represents 38.33% of the immediate financial benefit to the Settlement Class, and is far less than the total economic value of the Settlement when considering the injunctive relief. The Court finds that the requested award of attorneys' fees, costs, and expenses is reasonable when viewed as percentage of the common fund, taking all relevant factors into account;

g. Class Counsel have devoted approximately 1,767 hours to this litigation with a combined lodestar of $955,029. The Court recognizes that the amount requested, $345,000, is actually a downward departure and represents a 0.36 lodestar multiplier. The Court recognizes that Class Counsel is accepting a downward lodestar to ensure fair, adequate, and reasonable economic compensation to the Class.

h. On balance, the requested award of attorneys' fees, costs, and expenses is fair, reasonable, and consistent with awards in similar cases.

12. The Court has considered the requests for Enhancement Awards for the Class Representatives of $5,000 to each. The Court finds the requested Enhancement Awards to be justified under the facts of this case and the applicable legal authorities, and notes with approval that the requested Enhancement Awards will be paid by Revlon and thus will not diminish or erode the benefit to the Settlement Class. Accordingly, the Court hereby approves the Enhancement Awards of $5,000 to plaintiff Elkind and $5,000 to plaintiff Rosen.

13. The Court notes that no objections were filed and that no objectors appeared at the Final Fairness Hearing. The Court also notes that only one opt-out was received by the Claims Administrator. The fact that there were no objections and only a single opt-out are strong indicators that this is a fair, adequate, and reasonable Class Action Settlement.

14. The Court finds that the Class Action Settlement is fair, reasonable and adequate, and accordingly, the Court approves the Class as certified for settlement purposes and approves the Settlement, directing that the Parties implement the Settlement in accordance with its terms and consistent with this Final Approval Order.

15. The Court hereby dismisses the Action in its entirety, with prejudice, and without costs except as otherwise provided in the Class Action Settlement and as expressly stated in this Final Approval Order.

16. As of the Effective Date of the Class Action Settlement, the releases set forth in Section G of the Class Action Settlement Agreement shall take effect, subject to the terms thereof.

17. The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of the Class Action Settlement, and all Parties hereto submit to the continuing jurisdiction of the Court for purposes of implementing and enforcing this Settlement.

IT IS SO ORDERED this  5th  day of  September , 2017.

/s/ A. Kathleen Tomlinson
Hon. A. Kathleen Tomlinson
United States Magistrate Judge

The Clerk's Office is instructed to close this case.